CHARLES H. BISSELL ET AL, EXECUTORS OF THE ESTATE OF JANE C.
GILLETTE, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed January 30, 1919.*

INHERITANCE TAX—*Lora J. Moore, et al.* v. *State, supra, followed.* This
case is controlled by the decision of the Court in the case of *Lora J. Moore,
et al.* v. *State, supra.*

Edward J. Brundage, Attorney General, for State.

This is a claim for refund of $48.60 inheritance tax erroneously
paid. The facts disclosed by evidence herein are as follows:

Jane C. Gillette died testate October 31st A. D. 1915, a resident of
Salisburg, Connecticut.

No administration was had in this State, and Charles ·H. Bissell,
Frank A. Hotchkiss and Bankers Trust Company of New York were
appointed executors of the will of decedent by order of the Probate
Court of Salisburg, Connecticut.

On the 25th day of April, 1916 the County Judge of Cook County,
Illinois entered an order purporting to assess an inheritance tax in
said estate of $674.66 which amount less discount for payment within
six months, on the 28th day of April, 1916, the claimant paid to the
county treasurer of said Cook County, the sum so paid being $640.93
net.

Thereafter the petitioners (claimants) filed a petition in the said
County Court praying that said order be decreed to be null and void
for want of jurisdiction in so far as it attempted to tax the transfer .of
decedent of stock of foreign corporations to non resident beneficiaries,
and on the 5th day of September, 1918, the said county found that said
prior order validly assessed a tax less 5% discount of $592.27 which
amount it admitted should have been paid under said prior order.

$48.66 the Court found to have been erroneously assessed and er-
roneously paid.

In the case of *Lora J. Moore* v. *State,* No. 33, in which an opinion
was filed at the present term of this Court the facts in the case were
identical with this case except as amounts, and it was stipulated and
agreed in said · cause by counsel representing the parties that if an
award for refund should be made for claimant therein that then the
claimant in this case is also entitled to a refund.

In this case at bar it is admitted by the Attorney General that if
a refund is granted in the case of *Lora J. Moore, etc.* v. *The State,*
claimant herein is entitled to a refund of $48.66.

For reasons allowing such claim in the said case of *Lora J. Moore, etc.* v. *State,* we refer to the opinion filed therein at the present term of this Court.

For the reasons therein expressed, which are applicable also to this case, and from the evidence herein we are of the opinion that claimant is entitled to a refund of the taxes so erroneously paid and we accordingly award to claimants herein the sum of forty-eight and 66/100 dollars.